FRANK J. MATISOVSKY ET AL., APPELLANTS, v. FIDELITY PHENIX FIRE INSURANCE COMPANY ET AL., RE-SPONDENTS.

Argued February 10, 1930—Decided October 20, 1930.

For the appellants, *Joseph T. Lieblich.*

For the respondents, *Arthur T. Vanderbilt.*

The opinion of the court was delivered by

WALKER, CHANCELLOR. The defendants issued policies of insurance totalling $23,000 to Schleider and Eilen, trading as Art Furniture Company, covering them against loss by fire to furniture in a warehouse at Clifton, New Jersey, which was burned. After the fire the insured assigned to Matisovsky, trustee, $2,000 due under the policies, and the remainder to Brumberg. The value of the property damaged only having been agreed upon, the assured and the assignees sued the insurance companies in the Supreme Court on the policies, and the jury rendered a verdict of no cause for action in favor of the defendants. Then plaintiffs obtained a rule to show cause, which, after argument, was dismissed and judgment entered on the verdict for defendants; and plaintiffs appeal to this court. The Supreme Court delivered an opinion discharging the rule to show cause, which is reported in 7 *N. J. Mis. R.* 907, and that tribunal disposed of all of the reasons assigned. The Supreme Court said that seven reasons were assigned for setting aside the verdict (which appears from inspection of the case in that court, but only four of them are to be found in the printed case in this court) ; the first four, that it was contrary to the evidence and that defendants had not offered any proof to establish their defense, and concluded on this head by remarking that it seemed to that court that there was ample proof to justify the verdict of the jury. Then, further, they said that the three last reasons challenged the verdict because it was the result of feeling, bias or prejudice; and on that head they concluded that the charge of the learned trial judge was an impartial submission of the issues and they believed that the facts and circumstances proved were ample to sustain the verdict, and that the same was not the result of feeling, bias or prejudice.

The decision by the Supreme Court, on the reasons before them for setting aside the verdict, precludes those reasons being argued on appeal here. Yet that is what counsel for plaintiffs has done in this court. It is inefficacious. The matters became *res judicata* by the only court which has

the right and power to determine the rule to show cause. *Margolies* v. *Goldberg,* 101 *N. J. L.* 75.

In *Catterall* v. *Otis Elevator Co.,* 103 *N. J. L.* 381, this court held that the general rule is that where a rule to show cause why a verdict should not be set aside is allowed, with exceptions reserved, and the party obtaining the rule specifies as his reasons for asking that it be made absolute, the matters upon which the reserved exceptions are based, and, upon the return of the rule argues those matters, and the court afterwards considers and determines them, the exceptions are to be considered as having been abandoned with the approval of the court and the right to have them reviewed by an appellate tribunal is lost. And, further, held that a reason assigned for a new trial that the verdict is contrary to the weight of the evidence, which reason was argued, considered and decided on the return of the rule, is necessarily embraced within exceptions to the refusal to nonsuit and to direct a verdict on the ground that there was no evidence of defendant's negligence and that contributory negligence of the plaintiff conclusively appeared, which were reserved in the rule, and, therefore, such exceptions cannot be considered on appeal. See, also, the cases cited in the opinion 103 *Id.* (at *p.* 382).

Besides arguing that the reasons 1 to 7, which were before the Supreme Court, are properly before this court for determination, notwithstanding the record operating to exclude them, the plaintiffs argue that the court erred in its ruling in that the objections to questions stated in grounds of appeal, 8, 9 and 10 were sustained; but as no objections were made to the court's ruling or any objections or exceptions taken thereto, in these circumstances, it is established that the ruling of the trial court will not be reviewed.

This court in *Kargman* v. *Carlo,* 85 *N. J. L.* 632, said that the abolition of "bills of exceptions" by *section 25* of the Practice act, 1912, does away with the requirement that exceptions be signed and sealed by the trial judge, but does not abrogate the general rule that no ruling relating to the reception or rejection of evidence will be reviewed unless the

record discloses that an objection to such ruling was duly made or such ruling otherwise challenged at the time of the ruling. See, also, *Cordery* v. *American Railway Express Co.,* 104 *Id.* 434; *Byrne Co.* v. *Snead & Co.,* 98 *Id.* 256.

It is also contended that the court erred in admitting the exemplified copy of the order appointing trustee in bankruptcy of Eilen and Schleider, which is ground of appeal No. 11. Defendant's attorney stated that he did not offer the bankruptcy order to prove title in the trustee, and. the court admitted it to affect the credit of the witness Bramberg, who had said he knew of the adjudication of bankruptcy but did not know the date, probably it was about four or five months after the loss; and the court remarked that it was only admitted for the purpose of affecting the credibility of the witness; and the attorney for the plaintiffs made objection and asked an exception. Defendants were then permitted to offer a copy of the order appointing trustee. Plaintiff's attorney cites no authority for the exclusion of the order, and we see no objection to the admission of it. It was only let in for a limited purpose, and could have had little or no bearing upon the merits of the cause in controversy. It certainly could not have injuriously affected the plaintiffs in their substantial rights, Practice act (1912), § 27, and therefore no reversal could be had upon the theory that it should have been rejected in the court below.

It is next urged that the trial court committed error in excluding the question referred to in ground of appeal No. 12, which was directed to the witness Ritter, chief engineer of the fire department of Clifton, who was asked if as a result of his examination he learned that Schleider had remained in his place of business in the store at Passaic up to ten-thirty or eleven o'clock that evening. The question was objected to by counsel for defendants, and excluded. Counsel for plaintiffs took exception. The question called for an answer which was a conclusion to be based upon the result of investigation and hearsay, and was clearly incompetent and properly overruled. Counsel may ask a question as to whether a witness made an investigation, and, if so, if as a result thereof he

did anything; but he cannot say what he learned as the result of his investigation or inquiry.

The last points were to the effect that the court erred in charging the jury. That question was argued in the Supreme Court and was there decided, and is consequently *res judicata* and not arguable here.

Upon this whole case, which the court has reviewed in its entirety, we are clearly of opinion that the judgment brought up by the appeal should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, CAMPBELL, LLOYD, CASE, BODINE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 12.

*For reversal*—None.